UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Antonio Davis, | ) C/A No. 4:12-2057-RMG-TER |
|---|---|
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
|  | ) **Partial Summary Dismissal** |
| Richland County; Director Renaldo Myers; Asst. Director Kathryn Harrell; Lt. Smith; Lt. Williams; Sgt. Showl; Sgt. Waters; Sgt. Freely; Officer Dale Martin, | ) |
| Defendants. | ) |

Antonio Davis ("Plaintiff"), a pretrial detainee in Richland County's Alvin S. Glenn Detention Center ("ASGDC") in Columbia, South Carolina, brings this civil rights action against Defendants, seeking compensatory damages and unspecified injunctive relief, pursuant to 42 U.S.C. § 1983,[1] for alleged violation of his rights. Plaintiff is proceeding *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Plaintiff filed his Complaint (ECF No. 1) on July 25, 2012. By Order dated August 28, 2012 (ECF No. 9), Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) was granted and Plaintiff was given a specific time frame

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

in which to bring the case into proper form. On September 14, 2012, Plaintiff complied with the court's Order by submitting proposed service documents for Defendants.[2]

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of this *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A[3]; 42 U.S.C. § 1997e (the Prison Litigation Reform Act of 1995 ("PLRA")); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief

---

[2] Plaintiff submitted appropriate pleadings and service documents in this case. However, it appears on the face of Plaintiff's Complaint that Plaintiff may not have fully exhausted his administrative remedies prior to filing this § 1983 action, as required by 42 U.S.C. § 1997e. Therefore, the undersigned is simultaneously issuing a second proper form order and special interrogatories, inquiring into this issue and asking Plaintiff to show that he fully exhausted his available remedies through the ASGDC grievance process. In this Report and Recommendation, the undersigned recommends summary dismissal, without prejudice, of Plaintiff's claims against all of the Defendants except Officer Dale Martin, because Plaintiff's Complaint fails to state a plausible claim against any of the Defendants, with the possible exception of Martin. The undersigned will carefully review Plaintiff's Answers to the Court's Special Interrogatories and will issue an appropriate Order and/or Report and Recommendation with respect to Plaintiff's claim against Martin.

[3] Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

2

may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

As Plaintiff is a *pro se* litigant, this Court is required to liberally construe his pleadings, holding them to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, a *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff alleges that, on December 9, 2011, ASGDC's Officer Martin assaulted Plaintiff. Plaintiff alleges that, between 6:30 and 7:30 a.m. while he was in lockdown in cell 41, he used the cell's intercom to inform Officer Martin that he still had a tray in his cell and to ask permission to set the tray outside of Plaintiff's cell door. Plaintiff alleges that he was denied permission to do so but, about 15-20 minutes later, Officer Martin called back on the cell intercom to ask Plaintiff to set his tray outside of his cell. Plaintiff alleges that he told Martin that he was sleeping and that Martin would have to come get the tray himself. Plaintiff alleges that Martin "became very agitated and

hostile in his words, making verbal threats, stating over the cell mic that 'if I have to come up there it's going to be some problems.'" Plaintiff alleges that he told Martin that he wasn't worried about it, but then Plaintiff "became terrified due to previous incidents that occurred with officers brutally beating detainees." *See* ECF No. 1, p. 3. Plaintiff alleges:

> While sitting in my chair I heard the locking mechanism to my door and I witnessed Officer Martin walk in to become aggressive and make good on his words. Where he then flipped me out of my chair by initiating the altercation. Then assaulting me over and over. While he was trashing my cell, I step outside my cell because I didn't want to continue to be in a secluded area with him after just having been assaulted by him off camera. Officer Martin was reluctant to call an supervisor. After seeing that I was unwilling to accept his apology and street the importance about speaking with an supervisor. He finally made the call. L.T. William, L.T. Smith and Sgt Tayler [who is not named as a Defendant] came to respond to the call.

ECF No. 1, p. 3-3. Plaintiff alleges that when his mother visited him at ASGDC the following day he informed her about the assault and she asked to speak to a supervisor about the incident and talked with Lt. Smith. Plaintiff alleges that, after his mother left,

> L.T. Smith and L.T. William came to the unit to speak with me about the assault. After speaking with me about the assault in front of the entire unit, where I have multiple witness who seen and heard the assault that took place on the morning of 12-9-11, and the conversation between L.T. Smith, L.T. William and myself. Officer Martin was remove from the unit.

ECF No. 1, p. 4. Plaintiff seeks "$250,000 from each defendant in their individual capacity," unspecified "injunctive relief from each defendant in their official capacity," and "an additional $150,000 for punitive damages and mental anguish." Plaintiff also asks for "some form of mental health counseling to try to cope with the stress from having been assaulted unjustly by Officer Martin." ECF No. 1, p. 5. Plaintiff makes no allegations that he sustained any physical injuries.

**DISCUSSION**

As noted above, a claim for relief under § 1983, must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). As to Defendant Richland County, under *Monell*, 436 U.S. at 694, a municipality or other local government entity[4] may be liable under § 1983 for the violation of a plaintiff's constitutional rights, but "only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'" *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Monell*, 436 U.S. at 694); *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984). "The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of employees, absent an official policy or custom which results in illegal action." *Monell*, 436 U.S. at 694; *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Thus, a plaintiff who seeks to assert a § 1983 claim against a county for acts done by a county official or employee is obliged to identify a county policy, or custom that caused the plaintiff's injury.

In the instant case, Plaintiff alleges that he was assaulted by ASGDC's Officer Dale Martin. Plaintiff's Complaint makes no factual allegations that this alleged assault was done in furtherance

---

[4] *See Wolf v. Fauquier Cnty. Bd. of Supervisors*, 555 F.3d 311, 321 (4th Cir. 2009) ("A county may be found liable under 42 U.S.C. § 1983 [but] only 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'") (citing *Monell*, 436 U.S. at 694).

of any policy, custom, or practice of Richland County, its agencies, or officials. Also, there is no allegation by Plaintiff that Richland County negligently hired, trained, supervised, or disciplined its employees or officials or was in any other manner deliberately indifferent to the rights of Plaintiff.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). At most, Plaintiff's Complaint merely attributes, in purely conclusory fashion, the alleged wrongful actions of an individual or individuals to Richland County. The Court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006); *see also Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009) (citing *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999)).

Assuming that the facts alleged in the Complaint are true, Plaintiff makes no specific factual allegations that Richland County maintained a policy or custom that resulted in the alleged violation of Plaintiff's civil rights or that it was aware of the alleged illegal actions against Plaintiff and was deliberately indifferent to those alleged actions. Consequently, as to Defendant Richland County,

the Complaint should be summarily dismissed because Plaintiff's allegations fail to state a plausible *Monell* claim for which relief may be granted by this court.[5]

As to Defendants ASGDC's Director Renaldo Myers, Assistant Director Kathryn Harrell, Lt. Smith, and Lt. Williams, as noted above, a claim based upon the doctrine of respondeat superior does not give rise to a § 1983 claim. *Monell*, 436 U.S. at 691-94. "Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. At 1948. As the *Iqbal* Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." *Id.* at 1949. Indeed, the dissent in *Iqbal* opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [] supervisory liability entirely." *Id.* at 1957 (Souter, J., dissenting). Even if the majority in *Iqbal* did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Complaint fails entirely to plead facts sufficient to state a plausible claim under such a theory, based on Fourth Circuit precedent. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates).

---

[5] To the extent that Plaintiff attempts to allege a plausible § 1983 claim against ASGDC or the Richland County Sheriff's Department, the Complaint fails to do so. Inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."). In South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county, and "a federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by [the] state['s Eleventh Amendment] immunity." *Stewart v. Beaufort Cnty.*, 481 F. Supp.2d. 483, 492 (D.S.C. 2007).

7

A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Id.* (citations omitted). To be deliberately indifferent, a prison official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff's Complaint may allege sufficient factual issues with respect to the conduct of Defendant Officer Dale Martin to require that the Complaint be served upon him and that he answer or otherwise respond to Plaintiff's allegations. However, Plaintiff's Complaint is legally insufficient in its attempt to state a cognizable § 1983 claim against Defendants Myers, Harrell, Smith, and Williams. Defendants Myers, Harrell, Smith, and Williams may fairly be described as "supervisory defendants" because of their supervisory roles - ASGDC Director, Assistant Director, and Lieutenant - and, as outlined above, Plaintiff cannot assert liability as to these Defendants based only on the theory of respondeat superior. Assuming that the facts alleged in the Complaint are true, Plaintiff makes no specific factual allegations that Defendants Myers and Harrell had any direct, personal involvement with the alleged assault on Plaintiff. The only allegations Plaintiff makes against Lt. Smith and Lt. Williams are: Smith and Williams responded to Plaintiff's cell after Officer Martin's call for a supervisor, following the incident; on the day after the incident, Plaintiff's mother

8

asked to speak to a supervisor about the incident and talked with Smith; after Plaintiff's mother left, Smith and Williams came to the unit to speak with Plaintiff about the alleged assault and, after speaking with Plaintiff, Smith and Williams removed Officer Martin from the unit. *See* ECF No. 1, p. 4. Plaintiff has failed to allege that Defendants Myers and Harrell had actual or constructive knowledge that their subordinates were engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to Plaintiff. Plaintiff has alleged that, after receiving actual or constructive knowledge of Officer Martin's alleged assault on Plaintiff, Smith and Williams responded by removing Officer Martin from the unit. Consequently, Plaintiff's Complaint should be summarily dismissed as to Defendants Myers, Harrell, Smith, and Williams because Plaintiff's allegations fail to state a plausible claim for which relief may be granted by this court.

As to Defendants Showl, Waters, and Freely, Plaintiff's Complaint is also subject to partial summary dismissal. Following a careful review of the Complaint, the undersigned has found that there are no allegations of any kind, much less of wrongdoing, contained in the Complaint against these Defendants. Under 28 U.S.C. § 1915(e)(2)(B)(i), this Court should dismiss an action which is "frivolous or malicious." Since there are no allegations whatsoever of any wrongdoing on the part of Sgt. Showl, Sgt. Waters, and Sgt. Freely,[6] Plaintiff's Complaint not only fails to state a claim against these Defendants on which relief can be granted by this Court, it is "frivolous" as to these Defendants. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller*

---

[6] Plaintiff's Complaint identifies this Defendant as "Sgt. Freely." Plaintiff's proposed service documents identify him as "L.T Freely." While Defendant Freely's rank is unclear, it is clear that Plaintiff's references to Sgt/L.T Freely are to one and the same person, *i.e.* Defendant Freely.

*v. Dep't of Social Servs.*, 901 F.2d 387, 389n. 2 (4th Cir. 1990) (dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee County*, No. 02-3522, 59 F. App'x 148, *2 (7th Cir., Feb. 18, 2003).

In the absence of any substantive allegations of wrongdoing against Defendants Showl, Waters, and Freely, there is nothing from which this Court might liberally construe any other type of viable cause of action against them, arising from the Complaint. A district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### RECOMMENDATION

It is recommended that the Complaint in this case be partially dismissed, without prejudice and without issuance and service of process, as to Defendants Richland County, Director Renaldo Myers, Asst. Director Kathryn Harrell, Lt. Smith, Lt. Williams, Sgt. Showl, Sgt. Waters, and Sgt. Freely.

Plaintiff's attention is directed to the important notice on the next page.

October 18, 2012  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge