# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antonio Davis, | ) C/A No. 4:12-2057-RMG-TER |
| | ) |
| Plaintiff, | ) |
| | ) **ADDENDUM TO** |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **Partial Summary Dismissal** |
| Richland County; Director Renaldo Myers; | ) |
| Asst. Director Kathryn Harrell; Lt. Smith; Lt. | ) |
| Williams; Sgt. Showl; Sgt. Waters; Sgt. | ) |
| Freely; Officer Dale Martin, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Antonio Davis ("Plaintiff"), a pretrial detainee in Richland County's Alvin S. Glenn

Detention Center ("ASGDC") in Columbia, South Carolina, brings this civil rights action against

Defendants, seeking compensatory damages and unspecified injunctive relief, pursuant to 42 U.S.C.

§ 1983,[1] for alleged violation of his rights. Plaintiff is proceeding *pro se* and *in forma pauperis*.

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the

undersigned United States Magistrate Judge is authorized to review such complaints for relief and

submit findings and recommendations to the District Court.

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

# PROCEDURAL BACKGROUND

Plaintiff filed his Complaint (ECF No. 1) and Motion for Leave to Proceed *in form pauperis* (ECF No. 2) on July 25, 2012. By Order dated August 28, 2012 (ECF No. 9), Plaintiff's Motion for Leave to Proceed *in forma pauperis* was granted, and Plaintiff was ordered to bring the case into proper form by submitting proposed service documents for all of the Defendants. On September 14, 2012, Plaintiff complied with the Order of August 28, 2012. However, it appeared on the face of Plaintiff's Complaint that Plaintiff may not have fully exhausted his administrative remedies prior to filing this action, as required by 42 U.S.C. § 1997e. Therefore, the undersigned issued a second proper form Order with Special Interrogatories, dated October 28, 2012 (ECF No. 20), inquiring into this issue.[2] Also on October 28, 2012, the undersigned issued a Report and Recommendation (ECF No. 21), recommending partial summary dismissal of Plaintiff's Complaint, without prejudice and without issuance and service of process, as to all of the Defendants except Officer Dale Martin, because Plaintiff's Complaint failed to state a plausible claim against any of the Defendants, with the possible exception of Martin.

On November 2, 2012, Plaintiff filed his Answers to the Court's Special Interrogatories (ECF No. 23) and brought the case into proper form as to Defendant Officer Dale Martin. Also on November 2, 2012, Plaintiff filed a "Motion for Leave to Amend the Plaintiff['s] Complaint Pursuant to Rule 15(a) and 19(a) [of the] Federal Rule[s] of Civil Procedure," which has been

---

[2] Exhaustion is not a jurisdictional requirement but an affirmative defense. *See Jones v. Bock*, 549 U.S. 199 (2007). Accordingly, an inmate or pretrial detainee need not plead exhaustion to state a claim, nor does a prisoner bear the burden of proving that he exhausted his administrative remedies. *Id.* However, the Fourth Circuit has recognized that the district court may address exhaustion at the pleading stage and dismiss a case, *sua sponte*, where failure to exhaust is apparent from the face of the complaint. *See Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 681-82 (4th Cir. 2005).

docketed as an Objection (ECF No. 26) to the undersigned's Report and Recommendation of October 18, 2012 (ECF No. 21). Together with Plaintiff's "Motion for Leave to Amend"/Objection, Plaintiff filed a proposed Amended Complaint, *see* ECF No. 27-1, which was docketed as a Motion to Amend Complaint (ECF No. 27), wherein Plaintiff made additional factual allegations against the Defendants. The Motion to Amend the Complaint was granted pursuant to this court's order of November 7, 2012.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of this *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A[3]; 42 U.S.C. § 1997e (the Prison Litigation Reform Act of 1995 ("PLRA")); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint

---

[3] Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

"lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

As Plaintiff is a *pro se* litigant, this Court is required to liberally construe his pleadings, holding them to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)*; Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, a *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Plaintiff's Amended Complaint essentially restates the allegations of Plaintiff's original Complaint and adds factual allegations against all of the Defendants in an attempt to establish Defendants' liability under 42 U.S.C. § 1983, for alleged violations of Plaintiff's constitutional rights. Plaintiff makes sufficient factual allegations in his Amended Complaint to withstand summary dismissal and to require that Plaintiff's Amended Complaint be served upon Defendant Director Renaldo Myers and that Defendant Myers be required to answer or otherwise respond to

Plaintiff's Amended Complaint.[4]  However, for the same reasons as stated in the previous Report and Recommendation, and because Plaintiff cannot bring suit under § 1983 on behalf of other detainees and/or inmates, Plaintiff's Amended Complaint is legally insufficient in its attempt to add factual allegations to state cognizable claims against Defendants Richland County, Asst. Director Kathryn Harrell, Lt. Smith, Lt. Williams, Sgt. Showl, Sgt. Waters, and Sgt. Freely.[5]

## RECOMMENDATION

It is recommended that Plaintiff's Amended Complaint be served only upon Defendants Director Renaldo Myers and Officer Dale Martin.

Plaintiff's Amended Complaint should be partially summarily dismissed, without prejudice and without issuance and service of process, as to Defendants Richland County, Asst. Director Kathryn Harrell, Lt. Smith, Lt. Williams, Sgt. Showl, Sgt. Waters, and Sgt. Freely.

Plaintiff's attention is directed to the important notice on the next page.


                                                    s/Thomas E. Rogers, III
November 7, 2012                                    Thomas E. Rogers, III
Florence, South Carolina                            United States Magistrate Judge

---

[4] The undersigned recommended service of process of the original Complaint upon Defendant Officer Dale Martin in the previous Report and Recommendation (ECF No. 21).  Because Plaintiff's Amended Complaint reincorporates and realleges the allegations of Plaintiff's original Complaint as to Defendant Martin, the undersigned reiterates the findings and recommendations in the previous Report and Recommendation in this Addendum, and extends them to Plaintiff's Amended Complaint.  Accordingly, Plaintiff's Amended Complaint should be served on Defendant Martin.

[5] "The  competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others."  *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding that a prisoner, proceeding *pro se,* cannot represent other prisoners in a class action).  *See also Hummer v. Dalton*, 657 F.2d 621, 623 n. 2, 625-626 (4th Cir. 1981) (suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners").

**Notice of Right to File Objections to Report and Recommendation**

  The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

  Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

  **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).