IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| Antonio Davis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:12-cv-2057-RMG |
| vs. | ) | |
| | ) | |
| Richland County; Director Renaldo | ) | **ORDER** |
| Myers; Asst. Director Kathryn Harrell; | ) | |
| Lt. Smith; Lt. Williams; Sgt. Showl; Sgt. | ) | |
| Waters; Sgt. Freely; Officer Dale Martin, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Antonio Davis, a pretrial detainee at Richland County's Alvin S. Glenn Detention

Center in Columbia, South Carolina, brought this civil rights action under 42 U.S.C. § 1983 on July

25, 2012, alleging that Defendants violated his constitutional rights and seeking compensatory

damages and injunctive relief. (Dkt. No. 35). His allegations relate to an incident on December 9,

2011, in which he claims Officer Dale Martin assaulted him while he was in lockdown at the

detention center. (*Id.*). Plaintiff is proceeding *pro se* and *in forma pauperis*.

**Background**

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d),(e), D.S.C., the case was

assigned to a Magistrate Judge. The Magistrate Judge reviewed the complaint pursuant to the

procedural provisions of 28 U.S.C. § 1915. On November 7, 2012, the Magistrate Judge issued a

Report and Recommendation ("R&R") recommending that Plaintiff's Amended Complaint be served

only upon Defendants Director Renaldo Myers and Officer Dale Martin. The Magistrate Judge thus

also recommended that the case be partially summarily dismissed, without prejudice and without

issuance and service of process, as to Defendants Richland County, Asst. Director Kathryn Harrell, Lt.Smith, Lt. Williams, Sgt. Showl, Sgt. Waters, and Sgt. Freely. (Dkt. Nos. 21, 36). Plaintiff filed objections to the R&R, arguing that he adequately alleged a deliberate indifference claim against Defendants Sgt. Showl, Sgt. Waters and Lt. Freely. (Dkt. No. 31, 40 at 2).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–271 (1976). The Court is required to make a *de novo* determination of those portions of the R&R to which specific objection has been made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## Discussion

The Court agrees with the Magistrate Judge that Plaintiff made no allegation of a policy or custom that could form the basis of liability for Defendant Richland County t under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), and its progeny. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). The Court also agrees, and Defendants have not objected to the recommendation, that Plaintiff has stated a viable claim against Defendants Director Renaldo Myers and Officer Dale Martin. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Further, the Court agrees that Plaintiff did not plead facts sufficient to state a claim against

Defendants Asst. Director Harrell, Lt. Smith, and Lt. Williams. (Dkt. No. 21 at 7-8). As the Magistrate Judge explained, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *See Monell*, 436 U.S. at 694. As a result, in order to succeed on a § 1983 suit against a supervisor, a plaintiff must plead that the official himself, "through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see Denney v. Berkeley Cnty.*, No. 3:10-cv-1383, 2012 WL 3877732, at *6-7 (D.S.C. Sept. 5, 2012) (explaining, post-*Iqbal*, § 1983 pleading standard with respect to supervisors). Plaintiff here has failed to allege any culpable action or inaction on the part of these Defendants that caused the injuries he claims to have suffered. *Cf. Anderson v. Davies*, No. 3:10-cv-2481, 2012 WL 1038663 at *2 (D.S.C. Mar. 28, 2012) (*quoting Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). As a result, he fails to state a claim against these Defendants.

The Court concludes, however, that Plaintiff has alleged facts sufficient to support his § 1983 claims against Defendants Sgt. Showl, Sgt. Waters, and Sgt. Freely. In the R&R, the Magistrate Judge stated "that there are no allegations of any kind, much less of wrongdoing, contained in the Complaint against these Defendants." (Dkt. No. 21 at 9). In the addendum to the R&R, issued after Plaintiff amended his complaint, the Magistrate Judge concluded that Plaintiff's allegations were inadequate and recommended dismissal of the claims against these Defendants. (Dkt. No. 36 at 5).

In Plaintiff's Amended Complaint, Plaintiff alleges that these three "Defendants have been deliberately indifferent towards me . . . . Defendants Lt. Freely,[1] Sgt. Showl, and Sgt. Waters have known of and totally disregarded to the use of excessive force placing the Plaintff['s] . . . health and

---

[1] As the Magistrate Judge observed, (Dkt. No. 21 at 9 n.6), this Defendants is sometimes referred to as "Lt. Freely" and sometimes as "Sgt. Freely." In any case, it is clear that the Plaintiff's references are to the same individual.

safety at risk . . . ." (Dkt. No. 35 at 3). Plaintiff goes on to allege that complaints by him and other

inmates about excessive force during booking are:

> to no avail because Sgt. Showl, Lt. Freely, and Sgt. Waters who are the institutional investigators responsible for investigating these claims refus[e] to investigate or deny ever having received the complaint or grievance in order to frustrate Plaintiff and other detainees affect in pursuing their legal recourse, the Defendants refuse to investigate or do not respond back to any grievance concerning the use of excessive force.

(*Id.*). These allegations are sufficient to avoid summary dismissal under 28 U.S.C. § 1915.

A claim of deliberate indifference encompasses an objective element (serious harm) and a

subjective element (the defendant's culpable state of mind). *See Parrish ex rel. Lee v. Cleveland*,

372 F.3d 294, 302 & n.11 (4th Cir. 2004) (opinion of Williams, Circuit Judge); *see also Hill v.

Nicodemus*, 979 F.2d 987, 990–92 (4th Cir. 1992) (holding that, for a deliberate indifference claim,

a pretrial detainee's due process rights are co-extensive with a convicted prisoner's Eighth

Amendment rights).

First, the harm alleged must be "objectively, sufficiently serious." *Short v. Smoot*, 436 F.3d

422, 427 (4th Cir. 2006). To meet this standard for a claim based on a failure to prevent harm, a

plaintiff must allege that he was "being detained or incarcerated under conditions posing a

substantial risk of serious harm." *Brown v. Harris*, 240 F.3d 383, 389 (4th Cir. 2001) (citation

omitted). Plaintiff meets this requirement by alleging that the conditions of his incarceration put his

"health and safety at risk" by exposing him to the excessive force used by the facility's officers.

(Dkt. No. 35 at 3).

Second, the plaintiff must allege that the defendant possessed a sufficiently culpable state of

mind. A plaintiff does this by alleging "that the defendants actually knew of and [that they]

-4-

disregarded a substantial risk of serious injury" to the detainee. *Young v. City of Mt. Ranier*, 238 F.3d 567, 575-76 (4th Cir. 2001) (emphasis added); *see also Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 206 (4th Cir. 2002) (setting forth the state of mind requirement for a deliberate indifference claim brought against supervisors). Here, Plaintiff alleges that the Defendants knew of and totally disregarded the risk to which he was exposed, and refused to investigate complaints about those conditions in order to "frustrate" the efforts of inmates, including Plaintiff, who sought recourse. (Dkt. No. 35 at 3). He also alleges that "in the past there were several detainees who" experienced similar conditions and complained "to no avail," (*Id.*), an allegation that further supports his assertion that these Defendants had knowledge of and disregarded the conditions. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Parrish*, 372 F.3d at 303. These allegations satisfy the threshold pleading requirement for the subjective element of a pretrial detainee's deliberate indifference claim. In sum, Plaintiff's allegations state a claim for deliberate indifference sufficient to survive summary dismissal under 28 U.S.C. § 1915.

## Conclusion

For these reasons, the Court **DISMISSES**, without prejudice and without issuance and service of process, Plaintiff's claims against Defendants Richland County, Asst. Director Kathryn Harrell, Lt. Smith and Lt. Williams. Plaintiff's Amended Complaint should therefore be served on Defendants Director Renaldo Myers, Sgt. Showl, Sgt. Waters, Sgt. Freely and Officer Dale Martin.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

-6-

Charleston, South Carolina
December 11, 2012