IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Antonio Davis, | ) | |
| | ) | |
| Plaintiff, | ) | C/A No.: 4:12-2057-RMG |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Richland County; Director Renaldo Myers; | ) | |
| Asst. Director Kathryn Harrell; Lt. Smith; | ) | |
| Lt. Williams; Sgt. Showl; Sgt. Waters; | ) | |
| Sgt. Freely; Officer Dale Martin, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on Plaintiff Antonio Davis's two motions for default judgment. (Dkt. Nos. 53, 57). Plaintiff, a pre-trial detainee at Richland County's Alvin S. Glenn Detention Center in Columbia, South Carolina, brought this civil rights action under 42 U.S.C. § 1983 *pro se* on July 25, 2012, alleging that Defendants violated his constitutional rights and seeking compensatory damages and injunctive relief. (Dkt. Nos. 1, 35). His allegations relate to an incident on December 9, 2011, in which he claims Officer Dale Martin assaulted him while he was in lockdown at the detention center. (Dkt. No. 35).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2), DSC, this case was assigned to a Magistrate Judge. On January 17, 2013, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending denial of these dispositive motions. (Dkt. No. 58). Plaintiff timely submitted his objections to that R&R on January 29, 2013. (Dkt. No. 61).

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 621, 270–71 (1976). The Court is required to make a *de novo* determination of those parts of the R&R to which specific objection has been made and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

### Discussion

On January 8, 2013, Plaintiff filed a motion for default judgment, asserting that ". . . the Defendants have not objected to the recommendation that Plaintiff has stated a viable claim against Defendant Director Ronaldo Myers and Officer Martin." (Dkt. No. 53). Plaintiff also argues that the ". . . Defendants have made no response at all to either the Original Complaint . . . the Amended Complaint, or the two deadlines." (*Id.*). He filed a similar motion on January 16, 2013 as well. (Dkt. No. 57).

According to the Court's docket sheet, the Court entered an Order on December 12, 2012, ordering that Plaintiff's Amended Complaint be served on Defendants Director Renaldo Myers, Sgt. Showl, Sgt. Waters, Sgt. Freely, and Officer Dale Martin.[1] (Dkt. No. 43). The Summons were "placed in Marshal's box for service" on that same day. (Dkt. No. 46). To date, the docket does not reflect whether the Summonses were actually served, nor whether the Summonses were returned, executed or unexecuted, by any Defendant.

Plaintiff, in his objections to the R&R, argues that default judgment should be granted because "Defendants' had full knowledge of the civil action against them, due to the fact that Defendants ask that Plaintiff's case be dismissed alleging that Plaintiff had not fully exhausted his administrative remedies prior to filing this § 1983 action." (Dkt. No. 61). Plaintiff also

---

[1] The Order also dismissed, without prejudice and without issuance of service of process, Plaintiff's claims against Defendants Richland County, Asst. Director Kathryn Harrell, Lt. Smith, and Lt. Williams. (Dkt. No. 43).

argues in support of his motion that "Defendants have failed to object to the recommendation that Plaintiff has stated a viable claim against Defendants Director Renaldo Myers and Officer Dale Martin." (*Id.*). However, as yet, no Defendant has filed any pleading in this case. It is clear that Plaintiff has misapprehended the Court's preliminary review under 28 U.S.C. § 1915, and incorrectly believes that the review reflects an adjudication contested by Defendants. (Dkt. Nos. 36, 43). The Magistrate Judge's analysis, and the Court's adoption of that analysis, were merely part of an initial review intended to avoid defendants being served with complaints based on facially nonmeritorius claims. *See* 28 U.S.C. § 1915(e)(2)(B). Thus, while Plaintiff is correct that this Court concluded he had stated a viable claim as to Defendants Myers and Martin, (Dkt. No. 43), he is mistaken in assuming that his claim has already been brought to the attention of those Defendants. At this time, there is no record evidence that any Defendants have actually received service. Thus, both of Plaintiff's motions for default judgment are premature.

## Conclusion

For these reasons, this Court DENIES Plaintiff's motions for default judgment. (Dkt. Nos. 53, 57).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
February 5, 2013

3