UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ANTONIO DAVIS, ) | Civil Action No.: 4:12-cv-2057-RMG-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| DIRECTOR RENALDO MYERS, SGT. ) | |
| SHOWL, SGT. WATERS, SGT. FREELY, ) | |
| and OFFICER DALE MARTIN; ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se, was at all times relevant to this action a pretrial detainee at the Alvin S. Glenn Detention Center (ASGDC). He brings this action pursuant to 42 U.S.C. § 1983, alleging claims of excessive force. Presently before the Court is Defendants Myers', Waters' and Freely's[1] Motion for Summary Judgment (Document # 102). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this motion is potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

**II.     FACTS AND FACTUAL ALLEGATIONS**

This action arises out of an alleged assault on Plaintiff by Defendant Officer Dale Martin[2] while Plaintiff was in lockdown at ASGDC. Plaintiff alleges that on December 9, 2011, Martin entered his cell after Plaintiff refused to set his tray outside his cell and flipped him out of his chair

---

[1]Defendant represents that Sgt. Freely's proper name is Lt. Friedley.

[2]Neither Officer Dale Martin nor Sgt. Showl have been served in this action. See USM-285 Return Unexecuted (Documents # 69, 70).

and assaulted him over and over. Amended Complaint p. 1. He alleges that he sustained several injuries that were not documented because the staff refused to provide him with medical treatment. Id. p. 2. Plaintiff provides the sworn statements of two inmates who witnessed the assault. Marvin Bates states that he witnessed Martin lift Plaintiff out of his chair, push him against a wall and hit Plaintiff on his upper body. Bates Statement (attached to Pl. Response). Stephen Pringle, Jr. avers that he witnessed Martin go into Plaintiff's cell, ask him something about a tray, throw him out of his chair and up against the wall and get into Plaintiff's face "pushing him." Pringle Statement (attached to Pl. Response).

Plaintiff also submits the unsworn and unsigned statement of his mother, Renea Davis, who states that when she visited Plaintiff on December 11, 2011, he informed her of the assault and she asked Lt. Smith and Lt. Williams about it. Lt. Smith responded that he did not know that an assault occurred "because when he spoke with [Plaintiff] he said that [Plaintiff] was too upset to talk at the time." Davis Statement (attached to Pl. Response).

With respect to the Defendants who have moved for summary judgment, Myers, Waters, and Friedley, Plaintiff alleges that Defendant Myers "has failed to investigate" detention officer applicants before hiring them and that because of his alleged failure in investigating excessive force claims, Defendant Myers encourages this type of behavior. Amended Complaint p. 2. Plaintiff also alleges that Defendants Friedley and Waters "have been deliberately indifferent to me" and have "known of and totally disregarded the use of excessive force placing the Plaintiff's… health and safety at risk." Id. p. 3. Plaintiff further alleges that Defendants Friedley and Waters refused to investigate and deny having received his grievance in order to frustrate and delay the Plaintiff's recourse. Id. Finally, Plaintiff alleges that Defendants Friedley and Waters "do not respond to any grievances regarding the use of excessive force." Id.

-2-

-3-

Defendant Friedly serves as a Lieutenant in the Professional Standards division at ASGDC. Friedly Aff. ¶ 2 (attached to Def. Motion). Defendant Waters also serves in the Professional Standards division at ASGDC as a Sergeant. Waters Aff. ¶ 2 (attached to Def. Motion). Part of their job duties require them to investigate allegations of impropriety by any ASGDC employees, including excessive force violations. Friedly Aff. ¶ 4, Waters Aff. ¶ 4. Both Friedly and Waters aver that, based upon their review of Plaintiff's records, at no time did any employees use excessive force on Plaintiff nor did they or any other employee refuse to investigate or attempt to cover up any incidents involving excessive force. Friedly Aff. ¶¶ 5-6, Waters Aff. ¶¶ 5-6. Friedly further asserts that all employees at ASGDC receive yearly training regarding excessive force in addition to the training the received at the Criminal Justice Academy. Friedly Aff. ¶ 7. In addition, the current policies in place at ASGDC regarding excessive force are in compliance with the South Carolina Minimum Standards as established by the South Carolina Department of Corrections. Id. ¶ 8.

Plaintiff filed two grievances regarding the alleged assault on December 9, 2011. Moye Aff. ¶ 6. The first grievance was filed on December 9, 2011. Inmate Grievance Form # 1 (Ex. A. To Moye Aff.). Plaintiff asserts in that grievance that Martin flipped him out of his chair and assaulted him. Id. Lt. Smith responded to the grievance on December 19, 2011, by stating that, at the time of the incident, Plaintiff did not indicate that he had been assaulted. Id. Plaintiff did not appeal Lt. Smith's response. Moye Aff. ¶ 9.

On November 20, 2012, Plaintiff filed a second grievance regarding the events on December 9, 2011. Inmate Grievance Form # 2 (Ex. B. To Moye Aff.). Plaintiff asserted the same allegations he raised in his first grievance. Id. Lt. Smith provided the same response on November 29, 2012. Id. Moye avers that Plaintiff appealed this second grievance, but the appeal document is only partially completed and it includes no date on which the appeal was received by ASGDC officials.

Moye Aff. ¶ 11, Inmate Grievance Form # 2. Neither of the grievances mention any failure by Myers, Waters or Friedly to properly investigate the alleged excessive force nor do they mention any cover-up regarding the alleged excessive force. Moye Aff. ¶ 12. Plaintiff has not filed any grievances relating to or naming Defendants Myers, Waters, or Friedly. Moye Aff. ¶¶ 14-16.

### III.   STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere

allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV.  DISCUSSION

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and have moved for summary judgment on that basis as well as on the merits of the allegations.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner[3] exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C.1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies. The United States Supreme Court has held that "Congress has

---

[3] A "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." § 1997e(h). Thus, exhaustion of administrative remedies is also required of pretrial detainees such as Plaintiff here.

mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); see Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir.2001) (exhaustion required even though Plaintiff claimed futility); Larkin v. Galloway, 266 F.3 d 718 (7th Cir.2001) (exhaustion required even though Plaintiff claimed he was afraid); see also Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001) (unpublished opinion) (applying Booth v. Churner to affirm district court's denial of relief to Plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006).

The administrators of ASGDC have developed an inmate grievance system, which allows inmates to file written complaints regarding the facility or its operations, including issues related to the conditions of their confinement. Moye Aff. ¶ 4. As part of the grievance system, inmates must first attempt to informally resolve the issue by bringing it to the attention of the security staff. Id. ¶ 5. If an informal resolution is unsuccessful, the inmate must fill out an inmate grievance form and submit it to the detention officers in that inmate's housing area within fifteen days of the alleged incident or the issue being grieved will be considered resolved. Id. ¶ 5, Inmate Grievance Form # 1. The grievance will then be responded to by the lowest level of the chain-of-command possible, and the staff response will be given to the inmate. Moye Aff. ¶ 5. If the inmate is not satisfied with the response, the inmate may appeal the staff response up the chain-of-command to the Director or his designee within five days of receiving the response. Id. ¶ 5, Inmate Grievance Form # 1.

As set forth above, Plaintiff's first grievance was timely filed. However, Plaintiff failed to appeal the response he received from Lt. Smith. Although Plaintiff purportedly appealed his second

grievance, that grievance was filed nearly a year after the incident and, therefore, was untimely. A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006). Accordingly, because Plaintiff failed to properly follow the grievance procedure provided by ASGDC, he has failed to exhaust his administrative remedies.

Plaintiff argues that his failure to exhaust is excused because pursuit of his administrative remedies would be vain or futile. Under the PLRA, however, exhaustion of administrative remedies is mandatory, even if the prisoner believes that exhaustion is futile. See Booth v. Churner, 532 U.S. 731, 740 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (stating "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."). Exhaustion requires that the prisoner utilize all available procedures so that prison officials have the opportunity to remedy the situation administratively. Moore v. Bennett, 517 F.3d 717, 725 (4th Cir.2008).[4] Here, Plaintiff had an opportunity to file an appeal of his first, timely filed grievance but failed to do so. Accordingly, because Plaintiff has failed to exhaust his administrative remedies, summary judgment is appropriate and it is unnecessary to address the merits of Plaintiff's claims.

## V.     CONCLUSION

For the reasons discussed above, it is recommended that Defendants Myers', Waters' and Freely's Motion for Summary Judgment (Document # 102) be granted and this case be dismissed in its entirety.[5]

---

[4] Also, a prisoner must exhaust available remedies. There are no allegations that the exhaustion of remedies was not available. Cf. Moore, 517 F.3d at 725 (exhaustion unavailable when officials fail to respond or prevent prisoner from exhausting).

[5] Dismissal is appropriate for all Defendants even though Sgt. Showl and Officer Dale Martin have not been served and, thus, have not raised exhaustion as an affirmative defense. Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies."

      s/Thomas E. Rogers, III
      Thomas E. Rogers, III
      United States Magistrate Judge

December 2, 2013
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

Green v. Rubenstein, 644 F.Supp.2d 723, 742 (S.D.W.Va.2009). "That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies."  Anderson v. XYZ Corr. Health Servs., 407 F.3d 674, 683 (4th Cir.2005). Thus, it follows that a court may dismiss an action in its entirety for failure to exhaust when raised and shown by at least one Defendant.  See, e.g., Wardlaw v. Neely, No. 3:11-cv-596-RJC, 2012 WL 2051102, *3 n.2 (W.D.N.C. June 7, 2012).