IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ANTONIO DAVIS, | ) |
| Plaintiff, | ) |
| | ) No. 4:12-CV-2057-RMG |
| vs. | ) |
| | ) **ORDER** |
| DIRECTOR RENALDO MYERS, SGT. SHOWL, SGT. WATERS, SGT. FREELY, and OFFICER DALE MARTIN, | ) |
| Defendants. | ) |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 117), recommending that the Defendants Myers, Waters, Freely's Motion for Summary Judgment be granted and that this case be dismissed in its entirety. For the reasons stated below, the Court **ADOPTS** the R & R in full. According, Defendants' Motion for Summary Judgment (Dkt. No. 102) is **GRANTED** and this action is **DISMISSED** in its entirety.

## I. Background

Plaintiff is a pretrial detainee at the Alvin S. Glenn Detention Center. He brought this Section 1983 claim alleging claims of excessive force. (Dkt. No. 1.) The Magistrate Judge found that Plaintiff had not exhausted his administrative remedies and, therefore, recommended that Defendants' Motion for Summary Judgment be granted. (Dkt. No. 117.) In particular, the Magistrate Judge found that Plaintiff filed a grievance on December 9, 2011, but that he did not appeal this grievance. (*Id.* at 3, 6.) Two other defendants have not been served. (Dkt. Nos. 69, 70.) However, the Magistrate Judge recommended dismissal as to these defendants as well for failure to exhaust administrative remedies. (Dkt. No. 117 at 7-8 n.5.)

Plaintiff filed timely objections to the R & R, claiming that he did in fact file an appeal of his December 9, 2011 grievance on the day he received a response to it. (Dkt. No. 121 at 2.) Plaintiff further claims that while the appeal form is normally included on the back of the grievance form, the form on which he filed his grievance was incomplete and did not include the appeal form. (*Id.*) Thus, Plaintiff claims, he had to file his appeal on a separate grievance form. (*Id.*) Defendants filed a reply to Plaintiff's objections, stating that the "record clearly demonstrates that there was a second page to Plaintiff's grievance form" and noting that this issue was not raised in the Amended Complaint or in briefing before the Magistrate Judge. (Dkt. No. 123.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

## III. Discussion

The Court finds that there is no genuine issue of fact as to whether Plaintiff exhausted his administrative remedies; thus, Defendants are entitled to summary judgment. Plaintiff claims that his grievance form lacked an appeal form on the back and that he has submitted an exhibit to show that the grievance from was incomplete. (Dkt. No. 121 at 2.) However, the grievance form

submitted by Plaintiff (Dkt. No. 108-1 at 10-11) matches that submitted by Defendants (Dkt. No. 102-3). This form clearly shows a second page, presumably the back of the form, titled Inmate Request for Grievance Appeal, which has not been completed. (Dkt. Nos. 108-1 at 10-11, 102-3.) This form also states that if the inmate is "not satisfied with the Grievance Officer's response, you may appeal to the Director or designee once by completing the reverse side of this form within 5 calendar days." (Dkt. No. 108-1 at 10 (emphasis in original).) When the grievance form, which Plaintiff himself submitted in this action as his December 9, 2011 grievance form, includes this language as well as a second page titled Inmate Request for Grievance Appeal, which has not been completed, the only reasonable inference a jury could draw is that "Plaintiff was informed of when and how to comply with the administrative remedy process relevant to this action but failed to do so." *See Childress v. Pettiford*, No. 4:08-cv-1001, 2010 WL 412547 at * 2 (D.S.C. Jan. 27, 2010) (granting motion to dismiss for failure to exhaust administrative remedies). Thus, Defendants are entitled to summary judgment.

While Defendants Showl and Martin have not been served (*see* Dkt. Nos. 69, 70), the Magistrate Judge properly found that the court could raise the issue of exhaustion of remedies on its own motion under the PLRA. *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 682 (4th Cir. 2005). Because the exhaustion issue was briefed by the parties that have appeared, including Plaintiff, and because Plaintiff had an opportunity to object to the R & R, he has had an opportunity to address the issue.

//

//

//

//

-4-

Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 109) as the order of this Court. Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 102) is **GRANTED**, and this action is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

January 10, 2014
Charleston, South Carolina